
ORIGIN ID:BABA (310) 276-1555
NICO TABIBI
9454 WILSHIRE BLVD.
PENTHOUSE
BEVERLY HILLS, CA 90212
UNITED STATES US
SHIP DATE: 17OCT25
ACTWGT: 1.00 LB
CAD: 104013134/INET4535
BILL SENDER
TO ATTN: CLERK'S OFFICE
US BANKRUPTCY COURT, DISTRICT OF NJ
50 WALNUT STREET, 3RD FLOOR
NEWARK NJ 07102
19737763449
INV:
PO:
REF:
DEPT:
FedEx Express
E
FedEx
TRK# 0201 8852 7938 8408
MON - 20 OCT 8:00A
FIRST OVERNIGHT
X1 VAKA
07102
NJ-US EWR
You can help us get your package safely to its destination by packing your items securely. Need help? Go to fedex.com/packaging for packing tips.
XRAYED
Bank

B1040 (FORM 1040) (12/24)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>David Golshirazi | **DEFENDANTS**<br>Daniel Connor |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>c/o Nico N. Tabibi, Esq.<br>LAW OFFICES OF NICO N. TABIBI, APC<br>9454 Wilshire Blvd., Penthouse<br>Beverly Hills, CA 90212 (310) 276-1555 | **ATTORNEYS** (If Known)<br>Lawrence F. Morrison<br>87 Walker Street Floor 2<br>New York, NY 10013 |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

See Attachment "1".

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(a) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(b) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(c) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(d) – Objection/Revocation of Discharge**
- [1] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(e) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(f) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- [2] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(f) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- [3] 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(g) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(h) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(i) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(j) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| | |
|---|---|
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $ 121,392.35 |

Other Relief Sought
11 U.S.C. Section 727(a)(2)(a), Section 727(a)(3), and Section 727(a)(5).

U.S. BANKRUPTCY COURT NEWARK, NJ RECEIVED & FILED 2025 OCT 20 A 11:32

B1040 (FORM 1040) (12/24)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>DANIEL CONNOR | BANKRUPTCY CASE NO.<br>25-15222 | |
| DISTRICT IN WHICH CASE IS PENDING<br>District of New Jersey | DIVISION OFFICE | NAME OF JUDGE<br>Hon. Christine M. Gravelle |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>October 17, 2025 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>David Golshirazi, in Pro Per | |

**INSTRUCTIONS**

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**DAVID GOLSHIRAZI, in Pro Per**
**c/o Nico N. Tabibi, Esq.**
**LAW OFFICES OF NICO N. TABIBI. APC**
**9454 Wilshire Blvd., Penthouse**
**Beverly Hills, CA 90212**
**nico@tabibilaw.com**
**(310)276-1555**

Plaintiff in Pro Per

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In Re:<br><br>DANIEL CONNOR,<br><br>Debtor. | **BANKRUPTCY NO. 25-15222**<br><br>**ADVERSARY NO.**<br><br>**CHAPTER 13** |
| DAVID GOLSHIRAZI,<br><br>Plaintiff,<br>v.<br><br>DANIEL CONNOR,<br><br>Defendant. | **COMPLAINT TO DETERMINE DISCHARGEABILITY OF A DEBT AND OBJECTION TO DISCHARGE** |

COMES NOW Plaintiff herein and for its causes of action alleges as follows:

1. Plaintiff, DAVID GOLSHIRAZI (hereinafter "Plaintiff") is now, and was at all times herein mentioned, an individual.

2. This adversary proceeding arises from Case No. 25-15222 under Chapter 13 of the Bankruptcy Act now pending in this Court, to wit: United States Bankruptcy Court, District of New Jersey. filed by Defendant/Debtor DANIEL CONNOR (hereinafter "Defendants"). At all times mentioned herein, Defendants was an individual. This Court has jurisdiction of this

adversary proceeding pursuant to 28 U.S.C. §1334 (b) and 11 U.S.C. §523 and §727. This is a core proceeding under 28 U.S.C. §157 (b) (2) (I).

3. On June 15, 2025, Defendant filed Voluntary Petition in Bankruptcy in the above-entitled Court, alleging that, on that date, Defendant was entitled to relief under Chapter 13 of the Bankruptcy Act.

4. The above-entitled Court has made its order fixing the time for filing complaints to determine dischargeability of any debt as October 20, 2025.

COUNT ONE

5. Plaintiff is informed and believes and thereon alleges that, among the debts listed in Defendant's bankruptcy Schedule of Liabilities was an unsecured debt to Plaintiff of $121,392.35, based on judgment entered against Defendant in Los Angeles County Superior Court Case #24STCV08062 entered on April 1, 2025. Defendant has filed the within bankruptcy, seeking to be relieved from such outstanding obligations. However, said debts of Defendant are exempted from relief by discharge of the bankruptcy by authority of the statutes of 11 U.S.C. §523 (a) (2) (A) and §523 (a) (6), §727 (a) (2) (A), §727 (a) (3), and §727 (a) (5).

6. Defendant having stated that Defendant is ready, willing and able to rent real property from Plaintiff, in fact did so, and in fact continued to represent to Plaintiff to be one who is more than capable to operate business out of Plaintiff's property and pay Plaintiff rent. In doing so, Defendant continuously agreed and represented that Defendant and his business are capable, have plenty of assets, and are able to meet rental obligations. Notwithstanding, Defendant failed in the foregoing.

7. In March, 2024, Plaintiff instituted lawsuit against Defendant and others in Los Angeles County Superior Court Case #24STCV08062, on multiple causes of action arising from the events described above, including causes of action for Breach of Written Contracts, Open Account, and Account Stated, among others. Said lawsuit resulted in a Judgment entered on stipulation on all causes of action against Defendant and other defendants therein, for a Judgment

award of $121,392.35 in favor of Plaintiff, entered on April 1, 2025. True and correct copy of said Judgment is attached hereto as Exhibit "1" and incorporated herein by reference.

8. Defendant, in stipulating to a Judgment against himself on all causes of said lawsuit, admitted before the court his responsibility. Such promises without intent to perform and false representations to Plaintiff of ability to pay, together with Defendant's admitted conversion of Plaintiff's property/use thereof without payment, were intended to obtain Plaintiff's property/use thereof without payment therefor, in attempt to reap quick profits from the conversion of such property/use thereof through use and profit from his business, all in conscious and willful disregard of Plaintiff's rights and financial damage which would result to Plaintiff therefrom.

9. At all times prior to Plaintiff's demands for Defendant's payment and performance, Defendant further concealed from Plaintiff the true facts of his own inability to make good on his promises of payment to Plaintiff, and of his own wilful and conscious intent not to make payment to Plaintiff, held at the time Defendant's promises were made. In reasonable reliance on Defendant's representations, and without knowledge of the true facts of Defendant's inability and unwillingness to make payment to Plaintiff, Plaintiff entered into the lease agreement with him/his business. Had Plaintiff known the true facts, it would not have entered into such transactions and agreements, nor permitted Defendant to receive possession or continue such possession.

10. On June 15, 2025, Defendant filed the present action for Chapter 13 Bankruptcy relief before the United States Bankruptcy Court, staying enforcement of the Judgment referenced above.

11. To date, Plaintiff has been unable to obtain payment toward the Judgment referenced above to satisfy or reduce its balance, or to locate assets capable of satisfying the outstanding obligations owed to Plaintiff by Defendant.

12. Defendant filed the present bankruptcy action, seeking Chapter 13 relief, in attempt to stay enforcement of and obtain discharge from the Judgment against Defendant referenced

above. Plaintiff has therefore been deprived of the recovery of the Judgment award against Defendant, in the total amount of **$121,392.35**.

13. Plaintiff is now further informed and believes and thereon alleges that Defendant has commenced the present bankruptcy proceedings in bad faith, and in willful, fraudulent and malicious attempt to utilize the protections of this bankruptcy court to shield property, funds and assets from the reach of creditors, including but not limited to Plaintiff.

14. In truth and in fact, Plaintiff is informed and believes and thereon alleges that Defendant caused and induced Plaintiff to provide extensions of credit based on Defendant's false and fraudulent representations of ability to pay for obligations under his agreements with Plaintiff, without intent to perform payment, and concealment of material fact as to his known inability to make payment to Plaintiff at the time such promises were made and intent not to perform. Plaintiff is informed and believes and thereon alleges that Defendant has received substantial benefit, either directly or indirectly, from the extension of credit by Plaintiff to Defendant/Defendant's business, including but not limited to financial benefit, so as to constitute false pretenses, false representations, and/or actual fraud in accordance with 11 U.S.C. §523 (a) (2) (A).

COUNT TWO

15. Plaintiff hereby incorporates paragraphs 1 through 20 above as though fully set forth herein.

16. In truth and fact, Plaintiff is informed and believes and thereon alleges that Defendant obtained and/or retained possession of the subject premises from Plaintiff to which Plaintiff held a lawful claim, without payment to Plaintiff or other transfer of valuable consideration therefor, and/or retained the proceeds of such funds and/or assets, through intentional false misrepresentations and concealment of material facts from Plaintiff and through fraudulent and malicious transfers of property and assets as described above, with wilful and malicious intent to cause harm to Plaintiff and to deprive Plaintiff of the value of said property/funds, so as to constitute willful and malicious injury by the Defendant to Plaintiff and its property interests in

accordance with 11 U.S.C. §523 (a) (6).

COUNT THREE

17. Plaintiff hereby incorporates paragraphs 1 through 16 as though fully set forth herein.

18. Plaintiff is informed and believes and thereon alleges that Defendants have transferred, directly or indirectly, property, funds and/or assets derived from Defendant to third persons (including but not limited to Defendant's businesses) to which Plaintiff held a lawful claim, including but not limited to through Plaintiff's Judgment in Case #24STCV08062, without payment to Plaintiff or other transfer of valuable consideration therefor, and/or has permitted further transfers within one year prior to filing for bankruptcy relief of such property, funds and/or assets and/or removal, destruction, or concealment of such property, funds and/or assets, all with intent to hinder, delay or defraud Plaintiff in attempting to reach said property, funds and/or assets to satisfy its claims, such that Defendants should not be entitled to a discharge under 11 U.S.C. §727 (a) (2) (A).

COUNT FOUR

19. Plaintiff hereby incorporates paragraphs 1 through 18 above as though fully set forth herein

20. Plaintiff is informed and believes and thereon alleges that Defendant has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which Defendant's financial conditions or business transactions might be ascertained, without justification under the circumstances of the case.

21. Specifically, Plaintiff is informed and believes and thereon alleges that Defendant has maintained and retained no records pertaining to details of transfers of property, funds and/or assets, directly or indirectly, deriving from Defendant, and/or with relation to subsequent transfers and/or sales of such property, funds and/or assets and/or Defendant's own property, funds and/or

assets and the whereabouts of any proceeds deriving from such transfers or sales.

22. Defendant is thus not entitled to receive discharge due to the fact that Defendant has concealed, destroyed, or failed to keep or preserve recorded information from which Defendant's financial condition or business transactions might be ascertained, in accordance with 11 U.S.C. §727 (a) (3).

COUNT FIVE

23. Plaintiff hereby incorporates paragraphs 1 through 22 above as though fully set forth herein.

24. Defendant has failed to explain satisfactorily the loss of assets or specifically the deficiency of assets to meet Defendant's liabilities, in that among other things, Defendant has not satisfactorily explained the loss of Defendant's property, funds and/or assets nor has disclosed or properly explained any transfers outside the ordinary course of business of such property, funds, and/or assets to third parties without receipt of valuable or adequate consideration.

25. Accordingly, Defendant is not entitled to receive a discharge pursuant to 11 U.S.C. §727 (a) (5).

WHEREFORE, Plaintiff prays for judgment against Defendant, as follows:

AS TO COUNT ONE

1. For determination of aforementioned debt as nondischargeable in this proceeding;

2. For judgment in the sum of $121,392.35, together with interest thereon at the legal rate;

AS TO COUNT TWO

3. For determination of aforementioned debt as nondischargeable in this proceeding;

4. For judgment in the sum of $121,392.35, with interest thereon at the legal rate;

//

AS TO COUNT THREE

5. That Defendant be denied a discharge in bankruptcy;

AS TO COUNT FOUR

6. That Defendant be denied a discharge in bankruptcy;

AS TO COUNT FIVE

7. That Defendant be denied a discharge in bankruptcy;

AS TO ALL COUNTS

8. Costs of suit incurred in this action; and

9. Such other and further relief as the Court may deem proper.

DATED: October 17, 2025

DAVID GOLSHIRAZI
Plaintiff in Pro Per

**ATTACHMENT "1"**

False pretenses and/or actual fraud (11 U.S.C. §523(a)(2)(A)); willful and malicious injury (11 U.S.C. §523(a)(6)); transfer/removal/destruction/concealment of property to hinder, delay and defraud creditor (11 U.S.C. §727(a)(2)(A)); concealment, destroying, or failing to keep or preserve recorded information (11 U.S.C. §727(a)(3)); failure to explain loss of assets (11 U.S.C. §727(a)(5)).

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In the matter of:

DANIEL CONNOR — Debtor

Case No. 25-15222

Adversary No.

DAVID GOLSHIRAZI — Plaintiff(s)

Judge:

v.

DANIEL CONNOR — Defendant(s)

## ALIAS SUMMONS AND NOTICE OF PRETRIAL CONFERENCE IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to submit a motion or answer to the complaint which is attached to this summons to the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days.

| Address of Clerk |
|---|
| |

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

| Name and Address of Plaintiff's Attorney | David Golshirazi<br>c/o Nico N. Tabibi, Esq.<br>LAW OFFICES OF NICO N. TABIBI, APC<br>9454 Wilshire Blvd., Penthouse<br>Beverly Hills, CA 90212 |
|---|---|

If you make a motion, your time to answer is governed by Bankruptcy Rule 7012.

YOU ARE NOTIFIED that a pretrial conference of the proceeding commenced by the filing of the complaint will be held at the following time and place.

| Address | Courtroom<br>________________<br>Date and Time |
|---|---|

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

Jeanne A. Naughton, Clerk

Date: ____________________ By: ____________________

Deputy Clerk

**Pursuant to D.N.J. LBR 9019-2; Mediation: Procedures, there is a presumption of mediation in all adversary proceedings. For more information regarding the mediation program see the related Local Rules and forms on the Court's web site njb.uscourts.gov.**

*rev.1/4/17*